**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARDIE BALLO, *on behalf of herself and others similarly situated*,<br><br>                                        *Plaintiff,*<br><br>        -against-<br><br>R & J AUTOMOTIVE LLC, RAMCHAN JAGNARINE, PARTS AUTHORITY, LLC, and PARTS AUTHORITY, INC.,<br><br>                                        *Defendants.* | **FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff Mardie Ballo ("Ballo"), individually and on behalf of all other similarly situated persons employed by Parts Authority, LLC, Parts Authority, Inc. (together with Parts Authority, LLC, "Parts Authority"), R & J Automotive, LLC ("R & J Automotive," and together with Parts Authority, the "Corporate Defendants"), and Ramchan Jagnarine ("Jagnarine" or "Individual Defendant"), as class representatives, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), that Defendants failed to pay Plaintiff and a proposed class of others similarly situated, who worked at Defendants' auto parts distribution center in New York State overtime pay of time and one-half for hours worked in excess of forty hours per week and failed to pay them the required minimum wage for all hours worked.  Plaintiff and a proposed class are entitled to recover from Defendants: (1) unpaid overtime compensation; (2) unpaid

minimum wages; (3) liquidated damages on those amounts; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL," they and a proposed class of other similarly situated employees are entitled to recover from Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid spread of hours pay; (3) mandatory unlawful deductions categorized as transportation costs whether or not transportation was used;  (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; and (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

3.     Defendant Parts Authority, LLC and Parts Authority, Inc. (collectively "Parts Authority") together own and operate a chain of approximately 200 automobile parts sales and distribution stores across the country including approximately 36 automotive parts stores and distribution centers located in New York State, including the distribution center in Bronx County were Plaintiffs and the proposed class were employed at 1601 Bronxdale Avenue, Bronx, New York, 10462.

4.     Parts Authority employed hundreds of non-exempt distribution center workers at its Bronxdale avenue through Defendant R&J Automotive and its owner and chief executive Ramchan Jagnarine, who acted as a labor staffing agency for Parts Authority.  Upon information and belief, Parts Authority has a common practice in New York State of attempting to externalize its non-customer facing labor costs and responsibilities to staffing firms, including for its delivery drivers. *See Henao, et al. v. Parts Authority, et al*., case No.   Case 1:19-cv-10720 (S.D.N.Y. Nov. 19, 2019).

5.      Pursuant to their policies and practices, the Corporate Defendants have failed to pay overtime wages to its distribution center workers in violation of the NYLL and the FLSA.

6.      Pursuant to its policies and practices, the Corporate Defendants have failed to pay New York's minimum wage to its distribution center workers employed in New York in violation of the NYLL.

7.      Pursuant to its policies and practices, the Corporate Defendants have unlawfully deducted transportation costs from its distribution center workers, which causes their net wages to fall below, or to fall further below, the New York minimum wage (nominal wage rate – unlawful deductions = subminimum wage).

8.      Pursuant to its policies and practices, the Corporate Defendants have failed to pay their distribution center workers employed in the State of New York "spread of hours" premiums in violation of the NYLL.

9.      Pursuant to their policies and practices, the Corporate Defendants have failed to furnish their distribution center workers employed in the State of New York wage notices in violation of the NYLL.

10.     Pursuant to its policies and practices, the Corporate Defendants have failed to furnish their distribution center workers employed in the State of New York accurate wage statements in violation of the NYLL.

11.     The claims are asserted by Plaintiffs on behalf of all of Parts Authority's workers who have worked for Parts Authority in the State of New York at any time within the last 6 years at the distribution center located at 1601 Bronxdale Avenue, Bronx, New York, 10462.

## JURISDICTION AND VENUE

12.     This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiffs and the members of the proposed class are citizens of states different from that of Defendants R & J Automotive LLC and Ramchan Jagnarine.

13.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

14.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

15.     Plaintiff Mardie Ballo is an adult over 18 years of age, a citizen of New York State, and resident of Westchester County.

16.     According to the State of New Jersey's Division of Revenue Enterprise Services records, Defendant R & J Automotive LLC, is a New Jersey limited liability corporation with its services of process address and headquarters located at 149 SEAVIEW AVENUE, JERSEY CITY, NJ, 07305.  R & J Automotive LLC, with an address of 149 Seaview Avenue, Jersey City, NJ 07305 has the same address as the payor address listed on paychecks received by Plaintiffs.

17.     Individual Defendant Ramchan Jagnarine is an adult, over 18 years of age, a citizen of New Jersey, and a resident of Hudson County.

18.    Individual Defendant Ramchan Jagnarine is listed in the State of New Jersey's Division of Revenue Enterprise Services records as the agent and sole officer/executive for R & J Automotive with an address listed as 149 Seaview Avenue, Jersey City, NJ 07305. Plaintiffs' paychecks with R & J Automotive as the payor are personally signed by Ramchan Jagnarine. Upon information and belief, Jagnarine is the principal owner of R & J Automotive.

19.    Defendant Parts Authority, LLC is a Delaware limited liability company maintaining its principal place of business at 211-10 Hillside Avenue, Queens Village, New York, 11427, which is located in Queens County, New York.

20.    Defendant Parts Authority, Inc. is a New York corporation which also maintains its principal place of business at 211-10 Hillside Avenue, Queens Village, New York, 11427, which is located in Queens County, New York.

21.    Plaintiff and members of the proposed class were hired, paid, and sometimes transported by R & J Automotive to 1601 Bronxdale Avenue, Bronx, New York, 10462, which is a distribution center owned and operated by Parts Authority that receives, sorts, and ships auto parts to its retail store. Present at the facility at 1601 Bronxdale Avenue were Parts Authority signage and Parts Authority merchandise as well as supervisory employees and other employees who were paid directly by Parts Authority. A Google search for the address where Plaintiffs worked, returns a current result for Parts Authority at that address. https://www.google.com/search?q=1601+bronxdale+avenue+bronx+ny+10462.

22.    Defendants Parts Authority, LLC, Parts Authority, Inc., and R & J Automotive comprise a "single employer" or "single integrated enterprise" as they share interrelated operations, centralized control of labor relations, common management, and common ownership or financial control. Plaintiffs, who were hired and paid by R & J Automotive worked alongside

and performed the same job duties as other distribution center workers who were employed directly by Parts Authority and were supervised by Parts Authority employees.  Based on knowledge and information, Yaron Rosenthal ultimately owns a substantial interest in each of the Parts Authority entities, he has served as the Chief Executive Officer ("CEO") and principal of both Defendant entities, and he has maintained ultimate control of all Parts Authority's business operations. The approximately 200 Parts Authority stores are advertised as a single integrated enterprise on Parts Authority's website at www.partsauthority.com.

23.     Alternatively and/or cumulatively, Defendants Parts Authority, LLC, Parts Authority, Inc., and R & J Automotive constitute "joint employers" with respect to the distribution center workers as they share authority to hire and fire distribution center workers, determine rate and method of pay, administer discipline, control work schedules and other terms and conditions of employment, maintain records of hours and other employment records, handle payroll and insurance decisions, and supervise the employees.  Plaintiffs, who were hired and paid by R & J Automotive, worked alongside and performed the same job duties as other distribution center workers who were employed directly by Parts Authority and were supervised by Parts Authority employees.

24.     Alternatively and/or cumulatively, because the work performed by the distribution center workers simultaneously benefited all Defendants, Parts Authority, LLC, Parts Authority, Inc., and R & J Automotive and/or directly or indirectly furthered their joint interests, and because Defendants Parts Authority, LLC, Parts Authority, Inc., and R & J Automotive are not completely disassociated with respect to the employment of the distribution center workers and may be deemed to share control of the distribution center workers, either directly or indirectly, by reason of the fact that Defendants Parts Authority, LLC, Parts Authority, Inc., and R & J

Automotive either control, are controlled by, or are under common control with, the other, Defendants Parts Authority, LLC, Parts Authority, Inc., and R & J Automotive are collectively the "joint employers" of the distribution center workers under the NYLL's broad definition of "employer." 29 C.F.R. § 791.2(b) (using in determining "joint employment" under the NYLL).

## STATEMENT OF FACTS

25.     Plaintiff alleges the below facts according to their best recollection, they reserve the right to amend these pleadings upon the receipt of discovery materials, including payroll and employee records, that Defendants are obligated to retain pursuant to the New York Code, Rules and Regulations ("NYCRR").

26.     Upon information and belief, the below facts are consistent among Plaintiff and the Proposed Class.

27.     Plaintiff began working for Defendants at a Parts Authority distribution center located at 1601 Bronxdale Avenue, Bronx, New York 10462 in or around June 2021 until the end of his employment in or around May 2023.

28.     Plaintiff was hired by a supervisor named Shane (last name unknown), who was employed by R & J Automotive.

29.     Plaintiff worked as a distribution center worker whose job it was to pick out orders of auto parts from the distribution center shelves, scan them with a digital scanner, place them in a tote and move them to another area of the distribution center for the orders to be delivered to Parts Authority retail stores.

30.     At all times while performing these job functions, Plaintiff worked alongside employees performing the exact same job duties as him who were employed directly by Parts Authority and not R & J Automotive.  Defendants called Plaintiff and those hired and paid by R

& J Automotive "contractors." Upon information and belief, the distribution center workers at the Bronxdale location who were employed directly by Parts Authority were members of a union and were paid at a higher hourly rate than Plaintiff and the other distribution center workers who were hired and paid by R & J Automotive.

31.     While Plaintiff was supervised by Shane from around June 2021 to around February 2023, beginning in February 2023 Plaintiff Ballo was directly supervised by Darryl (last name unknown), a supervisor directly employed by Parts Authority.

32.     Based on Plaintiff's observations, when he began working for Defendants, there was as many as 300 employees who were hired by R & J Automotive working at the Bronxdale Avenue distribution center, by the end of his employment in May 2023,there were approximately 30 employees remaining who had been hired by R & J Automotive.

33.     At all times during Plaintiff's employment, she was paid an hourly rate of $15 per hour, paid weekly via paper check.

34.     Defendants paid Plaintiff via a check bearing the name R & J Automotive LLC as the payor, with an employer address of 149 Seaview Avenue, Jersey City, NJ 07305.  Ballo's checks were signed by Individual Defendant Ramchan Jagnarine.

35.     Despite Plaintiff providing Defendants with necessary identification documents, Defendants apparently paid him "off the books" and took no taxes out of his paychecks.

36.     It was Plaintiff's understanding from talking with his coworkers that  Defendants paid some workers as little as $10 or $11 per hour.

37.     Defendants did not provide Plaintiff with annual wage notices or periodic wage statements.  Defendants only provided Plaintiff with handwritten paper slips showing how much he was paid each day.

38.     Plaintiff's regular schedule was working from 7 am to 6 pm, six days per week, for an average of 55 hours per week.

39.     Despite working an average of 15 overtime hours per week over forty (40) hours, Defendants never paid Plaintiff at the overtime rate of time and one-half.  Instead of Plaintiff receiving $22.50 per hour for his 15 overtime hours, he was paid at the same $15 per hour regular rate, resulting in an underpayment of $112.50 each week based on unpaid overtime alone.

40.     Despite regularly working over 10 hours per shift every day he worked, Defendants never paid Plaintiff the required spread of hours pay of one additional hour's pay at the applicable minimum rate of $15 per hour.

41.     Defendants also took an unlawful deduction from Plaintiff's pay of $5 per day. When Plaintiff noticed the deduction on his handwritten payslips and asked about it, his supervisor told him that this was for transportation costs for the cost of vans that picked up and dropped off many of the employees at work.

42.     Ballo did not use the transportation vans and protested that he should not be charged this transportation fee because he got to work on his own, but Defendants refused to stop the $5 day deduction.

43.     Because Defendants paid Plaintiff exactly minimum wage, even before accounting for their failure to pay overtime and spread of hours, they were effectively paying Plaintiff less than New York State minimum wage every day that he worked for Defendants because of the unlawful transportation deduction, transportation that he never used.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiffs bring this action individually and as class representatives on behalf of the "Proposed FLSA Collective" defined as:

All current and former hourly employees of Defendants employed at the distribution
center located at 1601 Bronxdale Avenue, Bronx, New York, 10462 for the three-year
period prior to the filing of the complaint.

45.     Upon information and belief, the total number of members of the proposed

collective action class is so numerous that joinder of all members is impracticable. Although the

precise number of such persons is unknown, and the facts upon which the calculation of that

number are presently within the sole control of the Defendants, upon information and belief,

there are more than four hundred (400) Collective Action Members who worked for the

Defendants during the Collective Action Period, most of whom would not be likely to file

individual suits because they lack adequate financial resources, access to attorneys, or knowledge

of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective

action under the FLSA, 29 U.S.C. § 216(b).

46.     Plaintiffs will fairly and adequately protect the interests of the Collective Action

Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiffs have no interests that are contrary to or in

conflict with those members of this collective action.

47.     This action should be certified as a collective action because the prosecution of

separate actions by individual members of the class would create a risk of either inconsistent or

varying adjudications with respect to individual members of the class, or adjudications with

respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede

their ability to protect their interests.

48.     A collective action is superior to other available methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable. Furthermore, in as

much as the damages suffered by individual Collective Action Members may be relatively small,

the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

49.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a.   Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

b.   Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Collective Action Members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

e.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

f.   Whether the Defendants failed to pay Plaintiffs and the Collective Action Members at the overtime rate of time and one-half for hours worked in excess of 40 hours per workweek.

g.   Whether the Defendants failed to pay Plaintiffs and the Collective Action Members minimum wage for all hours worked.

50.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

51.     Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

52.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

53.     In addition to bringing this action as a proposed collective action to remedy violations of the FLSA, Plaintiffs also bring this action on behalf of a "Proposed Rule 23 Class," under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

> All current and former hourly employees of Defendants employed at Defendants' distribution center located at 1601 Bronxdale Avenue, Bronx, New York, 10462 for the six-year period prior to the filing of the complaint.

54.     The Class Period is further expanded to account for all claims made timely by virtue of Governor Cuomo's March 20, 2020 executive order, Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), and all subsequent and similar orders, including but not limited to, Executive Orders 202.14, 202.28, 202.38, 202.48, 202.55, 202.60, 202.67, and 202.72.

55.     Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable.  Based on Plaintiffs' observations while working for Defendants and available public information, there are a minimum of 400 members of the proposed class.  Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all nonmanagerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would

not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

56.    The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

57.    The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

58.    Plaintiff has committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

59.    Plaintiff will fairly and adequately protect the interests of the Proposed Class.

60.    Plaintiff understands that, as class representatives, they assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that they must consider their interests just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class Members.

61.    Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and that they may be called upon to testify in depositions and at trial.

62.    Plaintiffs have the same interests in this matter as all other members of the Proposed Class, and Plaintiffs' claims are typical of the Proposed Class.

63.     There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

a.  Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b.  Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class members;

c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.  What hourly was the employee's hourly rate;

e.  Whether the Defendants failed to pay the employee the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.  Whether the Defendants failed to pay the employee the required minimum wage for all hours worked;

g.  What were the employees' duties;

h.  Whether Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

i.  Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements;

j.  Whether the Defendants paid the employee spread of hours pay for days that they worked in excess of ten hours;

k.  Whether the Defendants took daily $5 wage deductions for transportation costs, or took any other unlawful deductions from the employee's pay; and

l.  Whether the Defendants provided compliant annual wage notices and periodic wage statements to the employee.

## **STATEMENT OF CLAIMS**

### **COUNT I: FLSA – Overtime and Minimum Wage**

*Brought on behalf of Plaintiffs and the Proposed FLSA Collective*

64.    Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

65.    Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

66.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67.    At all relevant times, Defendants employed Plaintiffs and the Proposed FLSA Collective members within the meaning of the FLSA.

68.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

69.     Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA. Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

70.     Plaintiffs and the Proposed FLSA Collective members were entitled to be paid at the required minimum wage for all hours worked.  Defendants failed to pay Plaintiffs and the Proposed FLSA Collective members minimum wage in the lawful amount for all hours.

71.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week and refusing to pay at the minimum wage rate for all hours worked, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

72.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Proposed FLSA Collective members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week and at the minimum wage for all hours worked, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiffs and the Proposed FLSA Collective.

73.     Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

74.     Defendants failed to properly disclose or apprise Plaintiffs and the Proposed FLSA Collective members of their rights under the FLSA.

75.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

76.     Due to the reckless, willful and unlawful acts of Defendants, Plaintiffs and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime and minimum wage compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

77.     Plaintiffs and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Overtime Pay, Minimum Wage, and Spread of Hours Pay**

***Brought on behalf of Plaintiffs and the Proposed Rule 23 Class***

78.     Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

79.     Defendants employed Plaintiffs and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

80.     Defendants knowingly and willfully violated the rights of Plaintiffs and the Rule 23 Proposed Class members by failing to pay Plaintiffs and the Rule 23 Proposed Class members the applicable required overtime compensation at the rate of time and one-half for each hour

worked in excess of forty (40) hours in a workweek and failing to pay Plaintiffs and the Rule 23 Proposed Class members at the minimum wage rate for all hours worked.

81.    Plaintiffs and the Proposed Rule 23 Class were and are entitled to receive spread of hours pay of one additional hours' pay at the applicable minimum rate for each hour worked in a given day or workshift in excess of ten hours.  Defendants failed to pay Plaintiffs and the Proposed Rule 23 Class members the required spread of hours pay.

82.    Defendants failed to properly disclose or apprise Plaintiffs and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

83.    Defendants failed to furnish Plaintiffs and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

84.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

85.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law§ 194(4), and New York State Department of Labor Regulations§ 146-2.1.

86.    At the time of their hiring, Defendants failed to notify Plaintiffs and the Rule 23 Proposed Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

87.     Due to the Defendants' New York Labor Law violations, Plaintiffs and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

88.     Plaintiffs and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements

*Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

89.     Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

90.     Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

91.     Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

92.     Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

93.     Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

94.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

95.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiffs and the members of the Rule 23

Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

### COUNT IV: NYLL - Illegal Deductions from Wages

#### *Brought on behalf of Plaintiffs and the Proposed Rule 23 Class*

96.    Plaintiffs reallege and re-aver each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

97.    NYLL § 193 prohibits employers from making deductions that are not for the benefit of the employee such as insurance premiums, union dues, and pension contributions. The Defendants automatically deducting $5 per day from each employee's pay without their permission for transportation which many of the employees did not take, or were not aware of, constitutes illegal deductions pursuant to NYLL § 193.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully request that this Court grant the following relief:

i.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly workers in New York State, and of their right to join this lawsuit if they belief they were denied proper wages;

ii.    An award for unpaid overtime and minimum wage compensation due under the FLSA and New York Labor Law;

iii.    An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

iv.    An award of liquidated damages as a result of Defendants' failure to pay overtime, minimum wage, and spread of hours pay compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vi.    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

vii.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

viii.    Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

ix.    An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

x.    An award of prejudgment and post-judgment interest;

xiii.    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38 the Plaintiffs demand trial by jury on all issues.

Dated:    New York, NY    **LAW OFFICE OF MOHAMMED GANGAT**
          March 4, 2024

_____
Mohammed Gangat, Esq.,
675 Third Avenue, Suite 1810,
New York, NY 10017
718-669-0714
mgangat@gangatpllc.com

*Attorneys for Plaintiffs and the FLSA Proposed*
*Collective and Rule 23 Proposed Class*